UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. LARRY KAPLAN<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN AMBULANCE & FIRST AID CORP. (NOW KNOWN AS SEZ METRO CORP.); METRO NORTH AMBULANCE CORP. (NOW KNOWN AS SEZ NORTH CORP.); BIG APPLE AMBULANCE SERVICE, INC. (FORMERLY DBA UNITED AMBULANCE); and STEPHEN ZAKHEIM<br><br>Defendant. | CV-00-3010 (ERK) (SC)<br><br>(Korman, Ch. J.)<br>(Chrein, M. J.)<br><br>**ANSWER** |

Defendants Metropolitan Ambulance & First Aid Corp. ("Metropolitan"), Metro North Ambulance Corp. ("Metro North"), Big Apple Ambulance Service, Inc. ("Big Apple"), and Stephen Zakheim by and through their attorneys, LeBoeuf, Lamb, Greene & MacRae, L.L.P., answer and respond to the Complaint of Plaintiff as follows:

## NATURE OF THE ACTION

1. The allegations in paragraph 1 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required to these and as to any remaining allegations, Defendants deny the allegations.

## JURISDICTION AND VENUE

2. The allegations in paragraph 2 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

3. The allegations in paragraph 3 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations. Defendants admit that one or more Defendants can be found, reside, and/or transact business within the Eastern District of New York.

## PARTIES

4. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants admit the allegations in paragraph 7 of the Complaint.

8. Defendants admit the allegations in paragraph 8 of the Complaint.

9. Defendants admit the allegations in paragraph 9 of the Complaint.

## THE MEDICARE PART B PROGRAM

10. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, and refer to the statutory provisions cited therein for their full contents.

11. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and refer to the statutory provisions cited therein for their full contents.

12. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and refer to the statutory provisions cited therein for their full contents.

13. Upon information and belief, Defendants admit that Empire Blue Cross/Blue Shield ("Empire") paid claims for ambulance transportation services submitted by Metropolitan, Metro North, and Big Apple and audited certain submissions made by Defendant companies. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint.

**EMPIRE'S AUDITS OF THE DEFENDANT COMPANIES' BILLINGS**

14. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, except that upon information and belief, Defendants admit that Empire audited certain claims made by Metropolitan, Metro North, and Big Apple, selected certain claims, and requested certain documentation from Defendant companies related to the claims. Defendants refer to the documents referenced in paragraph 14 of the Complaint for a full description of the documents and their contents.

15. The allegations in paragraph 15 of the Complaint contain legal conclusions to which no response is required. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations and refer to the statutory provisions, regulations, and Manual cited therein for their full contents.

16. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Defendants deny the allegations in paragraph 17 of the Complaint, except that Defendants admit receiving certain letters from Empire and refer to the letters for their full

contents, and admit that certain appeals were made to appropriate authorities in response to certain demand letters. Defendants refer to the Part B appeals procedures and statutory provisions cited therein for their full contents.

**DEFENDANTS' SUBMISSION OF FRAUDULENT DOCUMENTS**

18. Defendants deny the allegations in paragraph 18 of the Complaint.

19. Defendants deny the allegations in paragraph 19 of the Complaint.

20. Defendants deny the allegations in paragraph 20 of the Complaint.

21. Defendants deny the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations in paragraph 24 of the Complaint.

25. Defendants deny the allegations in paragraph 25 of the Complaint.

26. Defendants deny the allegations in paragraph 26 of the Complaint.

27. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

**COUNT I**

**False Claims Act, 31 U.S.C. § 3729(a)(7)**
**(Metropolitan, Metro North United, and Zakheim)**

28. Defendants repeat each response to plaintiff's allegations contained in paragraphs 1 through 27 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

## COUNT II

**Unjust Enrichment and Disgorgement**
**(Metropolitan, Metro North, and United)**

31. Defendants repeat each response to plaintiff's allegations contained in paragraphs 1 through 27 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

## COUNT III

**Common Law Fraud**
**(Metropolitan, Metro North, and United)**

34. Defendants repeat each response to plaintiff's allegations contained in paragraphs 1 through 27 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations periods.

**FOURTH DEFENSE**

Plaintiff's claims are barred by the doctrine of laches.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**SIXTH DEFENSE**

Plaintiff's claims are barred because they were released, dismissed, discharged, and resolved by a settlement agreement, and under the doctrine of *res judicata*.

**SEVENTH DEFENSE**

Plaintiff's claims are barred for lack of subject matter jurisdiction under the False Claims Act, 31 U.S.C. § 3730.

**EIGTH DEFENSE**

Plaintiff's claims are barred due to public disclosures of the allegations upon which the claims in this action are based.

**NINTH DEFENSE**

Plaintiff's claims are barred because the "Relator," Larry Kaplan, was not the original source of the information upon which the claims in this action are based.

**TENTH DEFENSE**

Plaintiff's claims are barred because plaintiff did not suffer, or properly allege, damages.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred because plaintiff is not entitled to damages under the False Claims Act, 31 U.S.C. § 3730, based on any theory or methodology of calculating damages that

takes a certain number of sample claims and estimates, projects, or extrapolates damages to a larger number of claims.

**TWELFTH DEFENSE**

Damages for civil monetary penalties or treble damages cannot be extrapolated based on a subset of claims alleged to be forged or false.

**THIRTEENTH DEFENSE**

Plaintiff's claims are barred because overpayments alleged against any Defendants should not have included as alleged damages the claims of beneficiaries who were included in a prior settlement between the parties.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred because Defendants had no obligation to repay plaintiff.

**FIFTEENTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**SIXTEENTH DEFENSE**

Plaintiff's claims are barred because under Section 1870(b) of the Social Security Act, 42 U.S.C. 1395gg, any overpayment to an ambulance company is not recoverable if the overpayment determination is made more than three years after the year in which payment of the claim was made and there is no evidence that the service provider was at fault in causing the overpayment.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred because under Section 1870(c) of the Social Security Act, 42 U.S.C. 1395gg, and its related regulations, any overpayment made to an ambulance company is not recoverable if the service provider was not at fault in causing the overpayment and recovery would be against equity and good conscience.

**EIGHTEENTH DEFENSE**

Plaintiff's claims are barred because under 42 CFR § 405.841, a claim may not be reopened more than twelve months after it has been paid unless "good cause" is established or payment of the claim was procured by fraud or "similar fault."

**NINETEENTH DEFENSE**

Plaintiff's claims are barred because under 42 CFR § 405.841, a claim may be reopened more than four years after it has been paid only if payment of the claim was procured by fraud or "similar fault."

**TWENTIETH DEFENSE**

Plaintiff's damages, if any, were caused by or the result of actions and/or omissions of third parties over whom Defendants had no control or authority.

**TWENTY-FIRST DEFENSE**

To the extent plaintiff's claims are based on actions and/or omissions of employees of Defendants, plaintiff's claims are barred because those third parties were acting without authorization and outside the scope of their employment.

**TWENTY-SECOND DEFENSE**

Notwithstanding the allegations of fraud, false statements, and forgery, which have been denied, the plaintiff is not entitled to recover damages from Defendants because there was no reliance on the alleged fraud, false statements, and forgeries, and such alleged fraud, false statements, and forgeries did not cause and were not the basis for the payment of claims.

**TWENTY-THIRD DEFENSE**

Notwithstanding the allegations of fraud, false statements, and forgery, which have been denied, the disputed claims would have been paid because the applicable standards for reimbursement, including medical necessity, were met.

**WHEREFORE**, Defendants demand judgment dismissing plaintiff's Complaint with prejudice, and awarding Defendants' attorneys' fees, costs, disbursements, and any further relief the Court deems just.

Dated: September 30, 2004

LEBOEUF, LAMB, GREEN & MACRAE, L.L.P

By: ______________________________

Jay G. Safer (JS 4609)
Kevin R.J. Schroth (KS 2863)
125 West 55th Street
New York, NY 10019-5389
Tel: 212-424-8000
Fax: 212-424-8500

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. LARRY KAPLAN<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN AMBULANCE & FIRST AID CORP. (NOW KNOWN AS SEZ METRO CORP.); METRO NORTH AMBULANCE CORP. (NOW KNOWN AS SEZ NORTH CORP.); BIG APPLE AMBULANCE SERVICE, INC. (FORMERLY DBA UNITED AMBULANCE); and STEPHEN ZAKHEIM<br><br>Defendant. | CV-00-3010 (ERK) (SC)<br><br>(Korman, Ch. J.)<br>(Chrein, M. J.)<br><br>**CERTIFICATE OF SERVICE** |

**KEVIN R.J. SCHROTH,** being of full age, certifies as follows:

1. I am an attorney with the firm of LeBoeuf, Lamb, Greene & MacRae, L.L.P., counsel for Defendants, Metropolitan Ambulance & First Aid Corp., Metro North Ambulance Corp., Big Apple Ambulance Service, Inc., and Stephen Zakheim.

2. On September 30, 2004, I caused true copies of Defendants' Answer to Plaintiff's Complaint to be sent by FedEx to counsel for plaintiff as follows:

Varuni Nelson, Esq.
Assistant United States Attorney
United States Attorney for the Eastern
District of New York
One Pierrepont Plaza
Brooklyn, New York 11201

Sara McLean, Esq.
U.S. Department of Justice
Civil Division
601 D Street, Room 9027
Patrick Henry Building
Washington, D.C. 20004

Philip R. Michael, Esq.
Goodkind Labaton Rudoff & Sucharaow LLP
100 Park Avenue
New York, New York 10017

By: ______________________
Kevin R.J. Schroth

Dated: September 30, 2004