UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————— X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ NOV 3 2005 ★

BROOKLYN OFFICE

UNITED STATES OF AMERICA
ex rel. LARRY KAPLAN,

    PLAINTIFF,

    v.

METROPOLITAN AMBULANCE & FIRST-AID
CORP. (NOW KNOWN AS SEZ METRO
CORP); METRO NORTH AMBULANCE CORP.
(NOW KNOWN AS SEZ NORTH CORP.); BIG
APPLE AMBULANCE SERVICE, INC.
(FORMERLY DBA UNITED AMBULANCE);
AND STEVEN ZAKHEIM,

    DEFENDANTS.

———————————————————— X

Civil Action
No. CV-00-3010

(Korman, Ch. J.)
(Azrack, M.J.)

## PROTECTIVE ORDER GOVERNING THE
## DISCLOSURE OF HEALTH INFORMATION

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately protect individually identifiable health information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

(1) **Production of Health Information That May Be Subject To The Privacy Act, 5 U.S.C. § 552a, to 45 C.F.R. §§ 164.1.02-164.534, or to 42 U.S.C. § 1306, or Other Privacy Protections.** In the course of this litigation, the parties and or non-parties may produce certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number, including HIC number) pursuant to discovery obligations. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, to the provisions of 45 C.F.R. §§ 164.102-164.534, or to the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside the United States. These materials shall be produced unredacted. Upon producing these materials, the producer of the materials shall designate them as "confidential" in the manner set forth in paragraph 2, below. Materials designated as "confidential" shall not be filed or submitted to the Court in this action nor shall their contents be reproduced in any filing or submission to the Court in this action unless the material, the filing, or the submission is placed under seal or all information that would identify the subject of the material, filing, or submission has been removed or redacted. These materials can only be used for purposes related to this litigation. At the end of the litigation, the protected health information received by Defendants will be returned by Defendants to the covered entities or will be destroyed by Defendants. Any hospital representative, employee, or doctor who receives a subpoena in the course of this litigation shall not refuse to disclose responsive documents or information based on privacy objections because such concerns are addressed by this Stipulated Protective Order.

(2) **Designation of Material Subject to this Protective Order.** To designate "confidential" material covered by this Protective Order, the producer of the material shall so designate, on the material itself, in an accompanying cover letter, on a diskette cover, or interrogatory or request for admission response, by using the following designation: "CONFIDENTIAL HEALTH INFORMATION – SUBJECT TO PROTECTIVE ORDER."

(3) **Confidential Health Information in Depositions and Interviews with Potential Witnesses and in Discovery Requests.** Parties may show deponents and/or potential witnesses designated confidential materials. Efforts may first be made, if practicable and if a party so chooses, to conceal the identity of the subject of the record by coding the materials to substitute a numerical or other designation for the patient's name or other identifying information. Such potential witnesses or deponents shall be advised at the outset of any conference or deposition that they may be shown or asked about designated confidential materials and, to the extent they view or discuss designated confidential materials, they are bound by this Stipulated Protective Order to maintain the confidentiality of any designated confidential materials and a copy of this Stipulated Protective Order shall be provided to them or their counsel. In addition, Parties may reference designated confidential materials in discovery requests including, but not limited to, document requests, interrogatories, requests for admissions, and subpoenas.

The parties may, within 30 business days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend: "CONFIDENTIAL HEALTH

3

INFORMATION – SUBJECT TO PROTECTIVE ORDER." Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order. If no party timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

(4) **Confidential Health Information in Open Court.** The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove individual patient identifiers, request the court to submit such documents under seal, code the documents to substitute a numerical or other designation for the patient's name or other identifying information, request that any exhibit be placed under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security and HIC numbers associated with the names of individual patients have been removed. However, in so doing, all objections to the introduction or admissibility of any such designated confidential materials, including any summary thereof, are not waived and shall be preserved to be ruled upon by the Court. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

(5) **Filing of documents.** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to the above paragraphs.

(6) **Challenging Designations of Information as Confidential.** If a party wants to challenge the designation of information as confidential based on a good faith belief that the material is not entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, the challenging party shall meet and confer with the person who designated the information confidential and if the challenge cannot be resolved informally, the party challenging the designation may seek a ruling from the Court.

(7) **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(8) **No Waiver.** The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(9) **No Ruling on Discoverability Nor Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability or admissibility of any material.

(10) **Disclosure to Agencies or Departments of the United States.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, designated confidential documents relating to any potential

5

violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Protective Order prevent or in any way limit or impair the use of any such designated confidential documents by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of the designated confidential documents consistent with the terms of this Protective Order.

(11) **Disclosures to Congress.** Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the designated confidential documents have been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the producing party or nonparty of the Congressional entity's request and the United States' response thereto.

Brooklyn, New York, this 2 day of Nov, 2005.

SO ORDERED:

_____s/Joan M. Azrack_____

UNITED STATES MAGISTRATE JUDGE