UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
UNITED STATES OF AMERICA
ex rel. LARRY KAPLAN,

                        Plaintiff,

   -against-

METROPOLITAN AMBULANCE & FIRST-AID CORP.
(NOW KNOWN AS SEZ METRO CORP.); METRO
NORTH AMBULANCE CORP. (NOW KNOWN AS SEZ
NORTH CORP.); BIG APPLE AMBULANCE SERVICE,
INC. (FORMERLY DBA UNITED AMBULANCE); AND
STEVEN ZAKHEIM,

                       Defendants.
------------------------------------------------------------------------ X

**MEMORANDUM OPINION**

00-CV-3010 (ERK) (JMA)

A P P E A R A N C E S:

Benton J. Campbell
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
   *Attorney for Intervenor Plaintiff*
    *By:  Edward K. Newman*
        *Assistant United States Attorney*

U.S. Department of Justice
Commercial Litigation Branch
PO Box 261
Ben Franklin Station
Washington, DC 20044
   *Attorneys for Intervenor Plaintiff*
    *By:  Sara McLean and Elizabeth Rinaldo*

Benjamin Vernia
Covington & Burling LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004-2401
    *Attorney for Defendants*

Bradley J. Nash

Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
   *Attorney for Defendants*

**AZRACK, United States Magistrate Judge:**

The United States of America, intervenor plaintiff in this False Claims Act *qui tam* action, moved for a finding of waiver of attorney-client privilege and leave to redepose defendant Steven Zakheim and David Werfel, counsel for defendant ambulance companies. At deposition, Zakheim testified that, while responding to a Medicare audit of the companies, a number of allegedly fraudulent statements of medical necessity were vetted by Werfel before being submitted to Medicare in support of reimbursement claims. The United States sought to question Werfel and Zakheim on their conversations about whether to submit the statements of medical necessity in question, and also sought documents relevant to those discussions.

I heard oral argument on May 2, 2008. On April 4, 2008, after the motion was made but prior to oral argument, the parties entered into a stipulation restricting the introduction of certain evidence at trial. On June 10, 2008 I issued a memorandum and order granting the government's motion because I found that Zakheim's deposition testimony had placed his communications with Werfel at issue and waived the attorney client privilege.

Defendants objected to my order and requested that it be set aside by the Honorable Edward R. Korman, United States District Judge. On August 22, 2008, Judge Korman requested that I address defendants' objection argument that the stipulation between defendants and the government obviated the need for the discovery I had granted.

In the stipulation, the defendants agreed not to introduce in connection with any motion or

at trial evidence of "either the fact of or the substance of" communications by Zakheim or his employees with Werfel about how to submit documents for the Medicare audit, about allegedly fraudulent unsigned letters on St. Barnabas letterhead, about issues with potentially fraudulent documents that were raised by employee Ronnie Bergman, about any recommendations by Werfel that documents not be submitted to Medicare, and about discussions over whether to talk to Robert Hirsch concerning letters of medical necessity that he allegedly altered. (Dkt. No. 141: United States Response To Defendants' Objection, Ex. 3: Stipulation, ¶ A1.) Defendants also agreed not to introduce evidence about audits of defendant companies conducted by counsel, or any training provided by counsel to defendant company employees to help them determine whether an ambulance trip was medically necessary. (Stipulation at ¶ A2-A3.) Defendants argue that the stipulation thus removes the contents of these communications from issue by precluding defendants from asserting an advice of counsel defense at trial. Since my order rested on a finding that Zakheim's deposition testimony put the contents at issue, defendants argue that the stipulation undercuts the order.

Defendants ignore ¶ A4 of the stipulation. In that paragraph, the government agrees not to use at trial the lack or inadequacy of the communications in question, unless one of two things occurs. First, the United States can cross examine in the event that "evidence is volunteered at trial regarding those subjects contrary to this stipulation[.]" Such a cross examination would be severely hampered if no relevant discovery had been available to the government before trial. But beyond that problem, there is a second relevant clause in ¶ A4 that must be considered. By that clause, the United States is precluded from introducing the evidence in ¶ A1-3

3

> unless when the Court rules on the pending motion it grants the United States' application to take discovery from Steve Zakheim or David Werfel regarding any instructions or advice given to any employee or agent of any defendant company by anyone (including Steve Zakheim) concerning consulting with David Werfel about any concerns regarding documentation to be gathered or submitted, or actually gathered and submitted, in connection with the Medicare audit.

(Stipulation at ¶ A4.)

From this section, it is clear that the stipulation contemplates a situation in which the government's motion is granted and discovery has the scope that I specified in my June order. Defendants' argument about the proper construal of the stipulation is puzzling. If the stipulation removed the possibility that defendants' communications with counsel would be at issue at trial, then defense counsel stood before me at the hearing and argued an issue that had been mooted. But in that case, counsel would certainly have stated at the hearing that the stipulation mooted the issues before me. Instead, defendants appeared and proceeded to argue, after mentioning the stipulation, all of the points that my June 10, 2008 order addressed. One might also ponder why the government, with oral argument already scheduled, would have entered into a stipulation removing the possibility of winning that argument.

Given the disconnect between the parties on the meaning of the stipulation, it may be that no true agreement was actually reached. Regardless, I read the stipulation to contemplate the issuance of an order like the one I issued on June 10.

Dated: September 22, 2008
      Brooklyn, New York

_____
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE