UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA
ex rel. LARRY KAPLAN,

       PLAINTIFF,

v.

METROPOLITAN AMBULANCE & FIRST-AID
CORP. (NOW KNOWN AS SEZ METRO
CORP.); METRO NORTH AMBULANCE CORP.
(NOW KNOWN AS SEZ NORTH CORP.); BIG
APPLE AMBULANCE SERVICE, INC.
(FORMERLY DBA UNITED AMBULANCE);
AND STEVEN ZAKHEIM,

       DEFENDANTS.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action
No. CV-00-3010
(BMC) (JMA)

ECF Case

**THE UNITED STATES' UNOPPOSED REQUEST TO REINSTATE CLAIMS**

    Pursuant to the Court's order of January 20, 2010 allowing any party to reinstate this matter at its request, the United States hereby moves to reinstate the matter.  As discussed further below, the dismissal of the action is inconsistent with key terms of the parties' pending settlement agreement, and, with the consent of the Defendants and the Relator, the United States respectfully requests that the Court permit the parties to conclude the case in accordance with those provisions.

    The dismissal of this matter due to settlement is premature because the settlement is still subject to review and approval by the Department of Health and Human Services.  Counsel for the United States anticipate that the draft agreement will be approved, but it has not yet been

approved and will not be until the settling defendants execute the agreement and it can be presented to the Department of Health and Human Services' signatory for review. We anticipate needing approximately one week from the other parties' execution to seek the appropriate Department of Health and Human Services approvals.

More importantly, the dismissal of this matter by the Court at this time is inconsistent with essential terms of the draft agreement among the parties. The draft agreement provides that the case will not be dismissed until the United States files dismissal documents in an agreed form. It provides that the case will be dismissed when the United States files dismissal documents in an agreed form, and calls for that to be done after payment has been made, 91 days have passed since payment is made, and notice of other conditions precedent has been provided to the United States by defendants. These terms are important to the parties and have been the subject of extensive negotiation; the Court's January 20, 2010 order inadvertently conflicts with those plans. The Parties are mindful of the Court's need to control its docket, and have no objection to an administrative closing of the case during the period described above.

Accordingly, the United States requests that the Court reinstate the action to the docket. The United States recognizes and shares the Court's interest in resolving this matter as quickly as possible and will inform the Court promptly of any delays in the final completion of the settlement, as described above.

For the foregoing reasons, the United States respectfully requests that the Court reinstate this matter.

          Respectfully submitted,

          TONY WEST
          Assistant Attorney General

Civil Division

BENTON J. CAMPBELL
United States Attorney
Eastern District of New York

EDWARD K. NEWMAN (EN 9670))
Assistant U.S. Attorney
271 Cadman Plaza East
Brooklyn, New York 11201
(718) 254-6015


/s/
_____
JOYCE R. BRANDA
POLLY A. DAMMANN
SARA MCLEAN (SM 4972)
ELIZABETH RINALDO (ER 0070)
Attorneys,
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044
(202) 307-0475

Dated:

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing the United States' Unopposed Motion to Reinstate was served on this 26th day of January, 2010 on all parties via the Court's electronic case filing system:

/s/
_____